IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Amarillo Division

| | |
|---|---|
| Edward Thomas Kennedy, <br><br>                Plaintiff, <br><br> vs. <br><br> Reed Charles O'Connor, individually, <br> and in his official capacity, <br> John Glover Roberts individually, <br> and in his official capacity, <br> Jeffrey L. Cureton, individually, <br> and in his official capacity, the <br> Administrative Office of the <br> United States Courts, and the <br> United States Courts, <br>                Defendants. | 2-19CV-153-Z <br> No. _____ <br><br> Verified <br><br> Jury Trial Demanded <br><br>  |

## **COMPLAINT**

FIRST CAUSE OF ACTION –TRESPASS ON THE CASE

(Common Law)

STATEMENT OF THE CASE

　　　Defendants failed to obey their oaths of office and exceeded the court's jurisdiction, and because they exceeded the Court's jurisdiction, injured the Plaintiff in loss of rights.
　　　The defendant's negligent and intentional failure to obey oaths of office is a serious human rights abuse and is corruption, and perhaps also treason and sedition under U.S. law. [1]

　　1.　　The Plaintiff, Edward Thomas Kennedy, ("Kennedy" and/or "Plaintiff") is one of the people of Pennsylvania in this court of record

---

[1]　　Executive Order Blocking the Property of Persons Involved in Serious Human Rights Abuse or Corruption, link here: https://www.whitehouse.gov/presidential-actions/executive-order-blocking-property-persons-involved-serious-human-rights-abuse-corruption/

1

complains against the Defendants the Administrative Office of the United States Courts ("AOUSC"), John Glover Roberts, ("Roberts") individually and in his official capacity as Chief Executive Officer of the United States Courts, Reed Charles O'Connor ("O'Connor") individually and in his official capacity as a federal employee of the United States Courts Northern District of Texas, Jeffrey L. Cureton ("Cureton") individually and in his official capacity as a federal employee of the United States Courts Northern District of Texas, and and the United States Courts ("Courts"), for Trespass on the Case (Common Law), and Negligence but not Vicarious Liability.

    2.    NOTICE
    a.    Under mandatory and binding law, the Constitution of the United States, and this United States Cour for the Northern District of Texas is a court of record as defined in the Law of the Case (Exhibit 1).
    b.    Executive Order 11110.
    c.    12 U.S. Code §411.
    d.    We the people do not yield our sovereignty to those agencies that serve us. The United States Courts is an agency and a corporation. The Administrative Office of the United States Courts is an agency and a corporation. It is probable that the federal employees in the Senior Executive Services of both Courts and AOUSC are traitors.
    e.    The Defendants named herein in this case under 28 U.S. Code § 1361 have a duty owed to the plaintiff by U.S. law.
    f.    Defendants Roberts and O'Connor as U.S. Judges have no authority or jurisdiction to trespass on the plaintiff's case in a court of record.
    g.    Pursuant to 28 U.S. Code §453, Plaintiff accepts the oath of office of the U.S. Judge assigned to this case and binds him to it.
    h.    The plaintiff does not consent to a U.S. Magistrate Judge.
NOTICE
Plaintiff did not consent to the services of U.S. Magistrate Judge and Defendant Jeffrey L. Cureton in case no. 19-cv-124 in N.D. Tex.

    4.    Defendant the Administrative Office of the United States Courts is a private corporation, with executive offices at 1 Columbus Circle Northeast, Washington, DC 20002.
    5.    Defendant John Glover Roberts is an individual, with an address at 1 First Street, NE, Washington, DC 20543.
    6.    Defendant Reed Charles O'Connor is an individual, with an address at 501 W 10th Street, Fort Worth, TX 76102.
    7.    Defendant Jeffrey L. Cureton is an individual, with an address at 501 W 10th Street, Fort Worth, TX 76102.
    8.    Defendant United States Courts is a private corporation, with executive offices at 1 Columbus Circle Northeast, Washington, DC 20002.

9. Plaintiff claims federal jurisdiction pursuant to Article III § 2 which extends the jurisdiction the Plaintiff brings this action against the United States Courts, and Defendants as federal employees and corporation officers, pursuant to Title 28 U.S. Code § 1331, in claims arising from violations of federal constitutional rights guaranteed in the fourth, fifth, seventh and ninth amendments to the U.S. Constitution and redressable pursuant to Bivens v. Six Unknown Narcotics Agents 403 U.S. 388 (1971) arising under the U.S. Constitution, and the Magna Carta, which is mandatory and binding, good law today.[2] The plaintiff also claims federal jurisdiction pursuant to 28 U.S. Code § 1361 - Action to compel an officer of the United States to perform his duty. The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

10. Under Federal Rules of Evidence 902 the following facts are self-authenticating evidence as part of the official public record:

a. Res ipsa loquitur, in a court of record in the United States District Court for the Northern District of Texas, a federal employee and Defendant O'Connor in Case No: 19-cv-214, on 05/06/19 (ECF Doc. 10) trespassed on the case, evidenced by his signature on the court docket.

b. Res ipsa loquitur, in a court of record in the United States District Court for the Northern District of Texas, a federal employee and Defendant Jeffrey L. Cureton in Case No: 19-cv-124, on 02/12/19 (ECF No. 5) trespassed on the case, evidenced by his signature the court docket.

11. The plaintiff suffered injuries and damages because the Defendants denied Plaintiff at least seven million, six hundred fifty thousand dollars, ($7,650,000.00) cited in the plaintiff's case in the dockets in paragraphs 10(a) and 10(b) inclusive in N.D. Tex. from Plaintiff's Original Complaint in the Civil Action cited herein.

12. Pursuant to 28 U.S. Code § 453, Defendants Roberts, O'Connor and Cureton are federal employees, who have a duty not to be negligent by U.S. Law, to obey their oaths of office, to provide justice to both rich and poor, and to not exceed the jurisdiction of the Court, and not to file fake paperwork in courts of law.

---

[2] In a speech to the American BAR Association by Defendant Roberts concerning the Magna Carta. Roberts ignorethee truth concerning CONFIRMATIO CARTARUM, (conforming charter) October 10, 1297, by Edward, King of England. This conforming charter reaffirms that the Magna Carta may be pleaded as the Common Law before a court. This links the Magna Carta to the Common Law. The U.S. Constitution guarantees one's access to the Common Law, i.e. the Magna Carta. The speech Link is here: https://www.americanbar.org/news/abanews/aba-news-archives/2014/08/aba_annual_meeting2/

13. Membership by U.S. Judges in the Universal Charter of the Judges is prima facie evidence of treason. Plaintiff believes Roberts and O'Connor are members of this primary membership association for they put their personal financial interest ahead of we the people.[3]

14. Plaintiff Kennedy avers that Roberts' relationship with the Knights of Malta is a national security risk, and a risk to Kennedy's safety and security. Money paid to Roberts by the Knights of Malta to teach the Knights about the history of the United States Supreme Court is evidence of bribery for it is absurd and not believable.

15. Federal employee Article III Judges, U.S. Magistrates, elected public officials, modern attorneys and their fellow, professional, private membership association American BAR Association ("ABA ")members nationwide via ABA corporate subsidiaries such as the State of Texas BAR Association, take oaths to obey the U.S. Constitution, and to tell the truth, which means not to lie, misinform, misstate, misconstrue, make law, or put false paperwork into a court of record.

16. Defendant O'Connor and Cureton have put false paperwork into the Plaintiff's case. O'Connor put the financial and economic interests of his trade association (Texas BAR Association) and the legal profession ahead of the Plaintiff in the case named herein. Defendant Roberts is Chief Executive Officer of Defendant United States Courts, a private corporation, and is officially and individually responsible for the Plaintiff's claims of both trespass on the case and negligence of his corporate subordinate Roberts named herein.

17. Exhibit "1" Law of the Case is incorporated by reference as though fully stated herein. The Federal Tort Claims Act ("FTCA") is a 1946 federal statute that permits private parties to sue the United States Courts in a federal court for torts committed by persons acting on behalf of the United States.[4] The United States Courts is a corporation and corporations are not sovereign. We the people are sovereign. CONFIRMATIO CARTARUM, (conforming charter) October 10, 1297, By Edward, King of England, reaffirms that the Magna Carta may be pleaded as the Common Law before a court. This links the Magna Carta to the Common Law. The U.S. Constitution guarantees one's access to the Common Law, i.e. the Magna Carta. The Plaintiff and his grandfather Kennedy were named Edward in honor of the King of England, thus there is no sovereign immunity for U.S. Judges that exceed their jurisdictions. We the people are sovereign, and not those agencies and agents that we created to serve us.

---

[3]   See Article 12 of this private membership association.
THE UNIVERSAL CHARTER OF THE JUDGE, link here:
https://www.domstol.dk/om/otherlanguages/english/publications/Publications/The%20universal%20charter%20of%20the%20jugde.pdf

[4]   August 2, 1946, ch.646, Title IV, 60 Stat. 812, "28 U.S.C. Pt.VI Ch.171" and 28 U.S.C. § 1346.

17.   The damages claimed are all a result of the injuries.

SECOND CAUSE OF ACTION NEGLIGENCE

(Common Law Tort)

18.   Paragraphs 1 through 17 are included by reference as though fully stated herein.

19.   In the Law of the Case Exhibit 1 and in tort law, negligence is a distinct cause of action.

20.   The Restatement (Second) of Torts defines negligence as "conduct that falls below the standard established by law for the protection of others against unreasonable risk of harm."

21.   Negligence in this court of record consists of five elements, including the following: (1) a duty of care owed by the Defendant to the Plaintiff; (2) a breach of that duty; (3) an actual causal connection between the Defendant's conduct and the resulting harm; (4) proximate cause, which relates to whether the harm was foreseeable; and (5) damages resulting from the Defendant's conduct.

22.   Defendants Roberts and O'Connor are negligent in their duty and obligation to the Plaintiff and we the people under U.S. law in order to hide relevant facts.

23.   Damages are five hundred thousand dollars ($500,000.00) against each Defendant.

24.   The damages claimed are all a result of the injuries.

25.   I, Edward Thomas Kennedy, declare under penalty of perjury that the foregoing facts are true and correct to the best of my knowledge.

WHEREFORE, Plaintiff requests judgment against the Defendant as follows:

1.   For the first cause of action, an Order for the Defendants to compensate Kennedy for damages in a sum in excess of the sum of One hundred million and xx/100 Dollars ($7,650,000.00), equally and pursuant to Executive Order 11110 and 12 U.S. Code § 411, without delay;

2.   For the second cause of action, an Order to Defendants to compensate Kennedy for Damages of five hundred thousand dollars each;

3.   That the court enter a declaratory judgment that defendants have acted contrary to constitutional right, power or privilege;

4.   That the court enter a declaratory judgment that defendants have acted arbitrarily and capriciously, have abused their discretion and have acted not in accordance with the law, but under color of law;

5.   Interest as allowed by law;

6.   Costs of the suit including Attorney's fees;

7.   Upon proper motion, Order the Defendants to pay punitive damages to Kennedy, pursuant to the Second Cause of Action: Negligence.

8.   For such other and further relief as the court may deem just and proper.

Jury Trial Demanded

Dated: July 16, 2019.

_____(seal)
By:   Edward Thomas Kennedy, Plaintiff.
800 Court Street, Apt 223
Reading, PA 19601
415-275-1244.
pillar.of.peace.2012@gmail.com.

*The plaintiff is Self-represented.*

Attachment:

Exhibit "1" Law of the Case, Nine pages (9 pages).

**Edward Thomas Kennedy**
**800 Court Street, Apt 223**
**Reading, PA 19601**
**Phone: 415-275-1244**
**FAX: 570-609-1810**



Clerk of Court
US District Court Northern District of Texas
Amarillo Division
205 SE 5th Avenue, Room 133
Amarillo, TX 79101-1559

Dear Clerk of Court:

Please file on demand. Enclosed please find the following:

1. Civil Cover Sheet
2. An original and one (1) copy of a Complaint;
3. Exhibit 1 Law of the Case (9 pages)
4. Application to Waive Fees; three pages, also known as APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Please protect my privacy for this form need NOT be open to public disclosure). Please file under seal to protect my privacy, if allowed.
5. Motion to Compel Service of Process and [Proposed] Order
6. Motion for ECF Access to File and [Proposed] Order
7. SUmmons in a Civil Action for five defendants
8. [Proposed] Order

Please file the original and return the one copy i.e. (1) time-stamped copy of the Complaint to my attention in the enclosed self-addressed, stamped envelope.

If you have any questions or comments, do not hesitate to contact me at (415) 275-1244 or via email at pillar.of.peace.2012@gmail.com.

Thank you for your anticipated courtesy and cooperation.

Date: July 18, 2019.

Sincerely,

EDWARD THOMAS KENNEDY

Enclosures.









Edward Thomas Kennedy
800 Court Street, Apt 223
Reading, PA 19601

Clerk of Court
US District Court Northern District of Texas
Amarillo Division
205 SE 5th Avenue, Room 133
Amarillo, TX 79101-1559

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Edward Thomas Kennedy

### DEFENDANTS
Reed Charles O'Connor et al

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Plaintiff is self-represented.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | | ☐ 864 SSID Title XVI | |
| | | | | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S. Code § 1361.
Brief description of cause:
TRespass on the Case and Negligence

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 10,150,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 07/17/2019
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____