IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| EDWARD THOMAS KENNEDY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:19-CV-153-Z |
| | § | |
| REED CHARLES O'CONNER, | § | |
| JOHN GLOVER ROBERTS, | § | |
| JEFFREY L. CURETON, | § | |
| THE ADMINISTRATIVE OFFICE OF | § | |
| THE U.S. COURTS, and THE UNITED | § | |
| STATES COURTS | § | |
| | § | |
| Defendants. | § | |

## ORDER TRANSFERRING CASE

Plaintiff Edward Thomas Kennedy, proceeding *pro se*, has filed a civil lawsuit complaining against the above-named defendants and filed a request to proceed in forma pauperis.

The Court notes that plaintiff asserts the acts or omissions complained of resulted from judicial actions taken by defendants in a lawsuit (Civil Action No. 4:19-CV-124-O(BJ)) filed in the Fort Worth Division of the Northern District of Texas, which is located in Fort Worth, Texas.

Venue in civil tort cases requires that an action be brought in the judicial district where a plaintiff resides or where the claim arose. In this instance, plaintiff's claims arose in Fort Worth, Texas, which is in the Northern District of Texas, Fort Worth Division, and the defendants are located there. Therefore, venue for this action is appropriate in Northern District of Texas, Fort Worth Division.

Title 28, United States Code, section 1404(a) provides that "[f]or the convenience of

parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The district court has broad discretion in deciding whether to order a transfer. *Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987); *see Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

Title 28, United States Code, section 1406(a) provides that, when a case is filed laying venue in the wrong division or district, the district court of that district "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Such a transfer may be done upon a motion or *sua sponte*. 18 U.S.C. §§ 1404, 1406. Further, the transfer envisioned by sections 1404 and 1406 is not limited to actions in which the transferring court has personal jurisdiction over the defendants. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, (1962).

In the instant cause, a transfer to the Northern District of Texas, Fort Worth Division, is the appropriate method of handling the claims presented herein.

Accordingly, the Clerk is directed to transfer this case to the United States District Court for the Northern District of Texas, Fort Worth Division, at Fort Worth, Texas, 28 U.S.C § 124(a)(7).

IT IS SO ORDERED.

ENTERED on August 1, 2019.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE